UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LARRY L. THOMPSON,** | Civil Action No. 15-7206 (FLW) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **WARDEN CRANSTON,** | |
| Respondents. | |

This matter having come before the Court on Petitioner's submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.)  The Court previously administratively terminated the action because Petitioner did not pay the requisite filing fee or submit an application to proceed *in forma pauperis*.  Petitioner has now submitted a complete *in forma pauperis* application and the Court will grant his application.  (ECF No. 3.)  The Court must now screen the Petition and dismiss it if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable to § 2241 through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).[1]

---

[1] Petitioner brings this Petition for a Writ of Habeas Corpus as a *pro se* litigant. A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989).

Petitioner is a pretrial detainee at Middlesex County Adult Correctional Center and is attempting to bring a constitutional challenge under § 2241 regarding his indictment on controlled dangerous substance ("CDS") charges. He states in his Petition as follows:

> I the [P]etitioner [sic] indictment is the result of a knowing[] and deliberate use of perjured testimony by state authorities to obtain an indictment.
>
> The State[']s only witness gave perjured testimony to the Grand Jury[,] stating that the CDS in the [P]etitioner[']s possession was in fact Oxycodone. The Prosecuting Attorney knew this a month in advance ([October 1, 2014]) to not be true. The CDS analysis results were in the State[']s possession prior to this testimony.

Petitioner contends in his Petition that the indictment was initially dismissed on July 1, 2015, but that he was re-indicted on August 13, 2015. (*Id.*, Petition at 4.) Petitioner also indicates in his Petition that he has not exhausted administrative remedies and has not filed any appeals. (*Id.*, Petition at 3-4.) Petitioner seeks to have this Court "dismiss the original indictment 'with prejudice' and also quash the reindictment." (*Id.*, Petition at 9.) Petitioner also seeks his immediate release without bail. (*Id.*)

For state prisoners, federal habeas corpus is substantially a post-conviction remedy, *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975) (citing *Peyton v. Rowe*, 391 U.S. 54, 60, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1967)). Although "district courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see Moore*, 515 F.2d at 441–42, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Thus, the Third Circuit has held that jurisdiction without exhaustion of state court remedies should not be exercised at the pre-trial stage unless extraordinary circumstances are present. *See id.* Where no such extraordinary

2

circumstances are present and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its pre-trial habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.  *See Moore*, 515 F.2d at 443 (citations omitted); *see also Kern v. Owens*, No. 15-1099 JBS, 2015 WL 1622015, at *2-3 (D.N.J. Apr. 9, 2015); *Muhammad v. Cohen*, No. CV 13-4920 (NLH), 2015 WL 7871159, at *2-3 (D.N.J. Dec. 4, 2015).

With this framework and these cases in mind, this Court now looks to Petitioner's arguments to determine whether he has exhausted state court remedies on the merits or has demonstrated extraordinary circumstances.  Here, Petitioner acknowledges in his Petition that he has not exhausted his state court remedies.  The Court also finds that Petitioner's claim that state officials knowingly used perjured testimony to indict him on CDS charges does not present the type of extraordinary circumstances that would warrant dispensing with the exhaustion requirement.  Rather, this action appears to be an attempt by petitioner to litigate constitutional defenses prematurely in federal court.  *See Duran*, 393 F. App'x at 4 (citing *Moore*, 515 F.2d at 445).  The proper procedure is for petitioner to exhaust his constitutional claims before all three levels of the New Jersey state courts.  If he is unsuccessful (and a criminal judgment has been entered against him), Petitioner can then present his constitutional claims in this Court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Scheffler v. Brothers*, 2013 WL 5287224, at *2 (noting that proper procedure where pretrial detainee was arguing that he should be released in a § 2241 petition due to a lack of probable cause for arrest was to exhaust his constitutional claims before all three levels of New Jersey state courts and then present them in federal court in a § 2254 habeas petition).  "Once [Petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition

for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449. As Petitioner's claims are not properly brought before this Court at this time, the Petition shall be dismissed without prejudice. *See Scheffler v. Bros.*, No. 13-0993, 2013 WL 5287224, at *2 (D.N.J. Sept. 18, 2013) (dismissing habeas petition challenging arrest warrant because it did not present any extraordinary or exceptional circumstances); *Carstarphen v. Camden Cty. Corr. Facility Warden*, No. CIV. 14-4596 RBK, 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014) (finding that allegedly fraudulent indictment did not present extraordinary or exceptional circumstances warranting habeas relief).

An Appropriate Order follows.

/s/      Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Date: January 8, 2016